People v McGovern (2023 NY Slip Op 01398)

People v Mcgovern

2023 NY Slip Op 01398

Decided on March 17, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, CURRAN, BANNISTER, AND MONTOUR, JJ.

139 KA 22-00565

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RANDALL K. MCGOVERN, DEFENDANT-APPELLANT. 

JEREMY D. SCHWARTZ, LACKAWANNA, FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Erie County Court (Suzanne Maxwell Barnes, J.), rendered November 12, 2019. The judgment convicted defendant upon a jury verdict of grand larceny in the third degree, forgery in the second degree, petit larceny, attempted grand larceny in the third degree and scheme to defraud in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, grand larceny in the third degree (Penal Law § 155.35 [1]) and attempted grand larceny in the third degree (§§ 110.00, 155.35 [1]). Defendant contends that the conviction of attempted grand larceny in the third degree
is not based on legally sufficient evidence, and that the verdict with respect to that count is against the weight of the evidence. Assuming, arguendo, that defendant preserved for our review his challenge to the legal sufficiency of the evidence (see generally People v Gray, 86 NY2d 10, 19 [1995]), we conclude, after viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), that the evidence is legally sufficient to support the conviction of attempted grand larceny in the third degree (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). We further conclude, after viewing the evidence in light of the elements of that crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), that the verdict is not against the weight of the evidence (see Bleakley, 69 NY2d at 495).
The sentence is not unduly harsh or severe. We note, however, that the certificate of conviction and the uniform sentence and commitment form incorrectly indicate that defendant was sentenced as a persistent felony offender, and they must be amended to reflect that he was sentenced as a second felony offender. We have reviewed defendant's remaining contention and conclude that it is without merit.
Entered: March 17, 2023
Ann Dillon Flynn
Clerk of the Court